## STATE COURT OF APPEALS—Continued

SULLIVAN, J.

The case in the Cuyahoga Common Pleas was one for damages by virtue of an alleged breach of contract for renting a storeroom in the same building to the Mathew Smith Co. for purpose of a grocery store and that in addition to groceries dispensed in connection with the general purpose of the business, fruits and vegetables were to be sold.

The litigation was created in this way. Luellar Conday was leased certain premises by M. C. and I. N. Stone; and the language upon which the action was instituted as aforementioned. Judgment in the lower court was directed in favor of Stone upon motion.

The case was taken into the Court of Appeals and it was urged that the court erred in sustaining said motion because Conday sought, by the contemplated introduction of evidence, to explain the language in the lease, above quoted. The Court of Appeals in affirming the judgment of the lower court held:

1. It is well settled law that it is not the province of a jury to construe a contract, it being the exclusive province of the court.

2. The question, if it calls for an explanation, however, may be submitted to the jury.

3. If the parties intended that the language in the lease would bar a grocery store simply because fruits and vegetables are groceries, they made no agreement to that effect. If Conday were given the construction upon which she insists, then Stone would be prohibited from renting another room in the building for a grocery store without excluding the right to deal in fruits and vegetables.

4. The authorities are not in favor of a restriction of uses, but are inclined to such a construction as will not curtail or limit the proprietor to the reasonable and proper use of his premises.

5. In the trial of such an action the interpretation of the instrument belongs to the court and it is error to submit its construction to the jury. Monnett v. Monnett, 46 OS. 30.

6. In construing contracts, courts should not, under the guise of doing substantial justice, ignore the agreement of the parties by making a contract of its own; there must be some legal basis for the execution of such power.

Judgment affirmed.

Attorneys—Frank F. Gentsch for Conday et; Mooney, Hahn, Loeser & Keough for Stone, et.; all of Cleveland.

No. 832

NEW AMSTERDAM CAS. CO. v. NORWALK (City) et.

Ohio Appeals, 6th Dist., Huron Co.

No. 195.　Decided June 8, 1925.

Judges Pardee, Funk and Washburn, 9th Dist., sitting.

795. MUNICIPAL BONDS—Where treasurer of city permits auditor to take checks of money in payment for bonds and gives his receipt therefor, acts of auditor in receiving said checks become acts of treasurer and if checks are worthless bondsman of treasurer is liable.

WASHBURN, J.

In 1923, Norwalk offered certain bonds of the city for sale and one H. B. Bennett filed with L. Snook, the auditor, a written proposal to pay the city a certain sum for the bonds, which proposal was later accepted and the bonds which were payable to bearer were duly signed by the proper officers of the city and were ready for delivery upon payment of the price bid.

Bennett appeared with a receipt for the treasurer, A. B. Terry, to sign, showing that the bonds had been "paid for by purchasers thereof in full." Bennett then made out and signed checks payable to the city. Snook and Bennett went to Terry's residence where he signed said receipt without seeing the bonds or the checks given for them.

Bennett took the bonds and delivered them with the receipt to a bona fide purchaser, and left for parts unknown. The checks which he gave were worthless.

The city brought suit in the Huron Common Pleas against the New Amsterdam Casualty Co. the bondsman of Terry, on his official bond, and a verdict was directed in favor of the city. The Casualty Co. prosecuted error and contended that the judgment was erroneous because the signing of said receipt was not an official act of Terry as treasurer; that it was not an act which he was required by law to do and therefore not within the terms of the official bond. The Court of Appeals held:

1. Bennett's proposal of purchase having been accepted, there was a "debt due" the city from him and under the statutes the treasurer having undertaken the collection of the same it was his duty to demand and receive proper payment of same, and his giving a receipt therefor was one of the "ordinary duties of such" treasurer.

2. When Terry gave his receipt without demanding the money represented thereby and permitted Snook to hold the checks in lieu of

money for payment of the bonds, he adopted the acts of Snook as his own and the holding of the checks by the auditor became the treasurer's holding thereof.

3. By said acts Terry was within the scope of his bond.

4. Terry's claim that acts of other officials contributed to cause the loss, or even that Bennett would have been successful in defrauding the city if he as treasurer had not committed the acts complained of, did not present a defense embracing an issue which he was entitled under the record in the case, to have submitted to the jury.

5. What did happen and not what might have happened, fixes the liability of the parties.

Judgment affirmed.

Attorneys—Denman, Wilson, Miller & Wall, Toledo, for Company; Charles Suhr and G. Ray Craig, Norwalk, for City; Rowley & Carpenter, Norwalk, for Terry.

Note—OS. Pend. Opinion will be found in 3 Abs. 548.

---

## No. 833

### LOVERING v. CLEVELAND (City)

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5639. Decided May 4, 1925

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

**1283. WORKMEN'S COMPENSATION—Intention of legislature under Sections 1465-60-61 and 76 GC., to make cities liable for personal injuries in case of failure to comply with a lawful requirement, whether injuries occurred in exercise of a governmental function or not.**

Alma Lovering sued the city of Cleveland in the Cuyahoga Common Pleas for personal injuries received as she was descending a stairway in the City Hospital. The basis of her action is an ordinance providing that stairways shall be kept in perfect repair; shall not be obstructed in any way; and that they shall be provided with sufficient light, either natural or artificial, and if artificial, to be kept burning "while the building served by such stairway is being used or occupied."

It is claimed that the city failed to comply with the ordinance. The city in its answer stated that it had complied with the provisions of the Workmen's Compensation Act. Judgment was entered on the pleadings in favor of the city. Lovering prosecuted error and the Court of Appeals held:

1. In view of the provisions of 1465-60, 1465-61 and 1465-7 GC. there could be no doubt of the city's liability if it were not for the phrase "nothing in this act contained shall affect the civil liability of such employer," in 1465-76 GC.

2. That section makes the employer liable if he has failed to comply with a lawful requirement, although he has complied with the Workmen's Compensation Acts by paying the proper amount into the state insurance fund.

3. By amendment, (103 O. L. 72) of the Workmens' Compensation Act of 1911, cities were made employers and anyone engaged in the service of a city was made an employee under provisions of the Workmens' Compensation Laws. Under 1465-76 GC. the employee of a city may bring suit against it if it fails to comply with a lawful requirement.

4. From the foregoing provisions the intention of the legislature to make cities liable for personal injuries in the event of failure to comply with a lawful requirement, regardless of whether the injuries occurred in the exercise of a governmental function or not.

5. The liability referred to in the clause of 1465-76 GC. is such as would exist if there were no Workmens Compensation Laws, while the liability of the city in case of a failure to comply with a lawful requirement is a liability created by such a law.

6. It is unthinkable that the legislature intended that 1465-60-61 and 76 GC. should create a liability and then that the clause in 1465-76 GC. should exempt from such liability.

7. The motion for judgment on the pleadings should have been overruled.

Judgment reversed and cause remanded.

Attorneys—Payer, Winch, Minshall & Karch for Lovering; Carl Shuler for City; all of

---

## No. 834

### HIGGINS et v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6233. Decided May 18, 1925

**144. BILL OF EXCEPTIONS—Where in such chaotic state due to mistakes of stenographer, so that no conclusion as to facts, law or errors assigned can be reached, the court may affirm judgment of lower court on ground that there is no bill.**

SULLIVAN, J.

John Higgins and John O'Brien were convicted in the Cuyahoga Common Pleas for falsely pretending to one Sullivan that they were duly empowered and authorized to search his premises for unlawful possession of intoxicating liquors, and then further pretended to Sullivan that he was placed under arrest for a proposed violation of the liquor law.